J. Will Varin ISB #6981
Varin Thomas LLC
242 N. 8th Street, Suite 220
P.O. Box 1676
Boise, Idaho 83701
Phone (208) 922-7060
Fax 1-866-717-1758
willvarin@varinthomas.com

Attorneys for Defendants
Resurgent Capital Services LP
and LVNV Funding LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL FIORAVANTI,<br><br>Plaintiff,<br><br>vs.<br><br>RESURGENT CAPITAL SERVICES LP and LVNV FUNDING LLC,<br><br>Defendants. | CASE NO.:<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331 AND 1446 – FEDERAL QUESTION** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO:**

**PLEASE TAKE NOTICE** that Defendants Resurgent Capital Services LP and LVNV Funding LLC ("Defendants") hereby remove the action described below from the District Court of the First Judicial District of the State of Idaho for the

– 1 –

County of Boundary ("State Court"), to the United States District Court for the District of Idaho, pursuant to 28 U.S.C. §§ 1331 and 1446. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1446 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. In support of this Notice of Removal, Defendants state as follows:

I. **THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 and 1367**

1. United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The general rule is that a case meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the complaint. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983).

2. On February 12, 2026, Plaintiff Michael Fioravanti ("Plaintiff") filed the State Court Complaint, entitled *Fioravanti v. Resurgent Capital Services LP, et al.*, in Boundary County District Court, under Case No. CV11-26-0058 ("Complaint"). On February 17, 2026, Defendants were served with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit 1**, as required by 28 U.S.C. § 1446(a).

3. In the Complaint, Plaintiff alleges, among other things, that Defendants improperly credit reported and attempted to collect a debt from him. *See* Cmplt., ¶¶ 6-7. Based on these allegations, Plaintiff asserts two claims against Defendants, for alleged violation of three federal statutes: (1) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Cmplt., ¶¶ 20-23); (2) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e (Cmplt., ¶¶ 24-30); and (3) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) (Cmplt., ¶¶ 34-38). Plaintiff also asserts a related claim under the Idaho Consumer Protection Act ("ICPA"). Cmplt., ¶¶ 39-41

4. Because this action arises under federal law (the TCPA, FDCPA and FCRA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law claim for violation of the ICPA. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1446.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

5. On February 12, 2026, Plaintiff filed this action in the State Court. On February 17, 2026, Defendants were served with a copy of the Summons and Complaint. *See* **Exhibit 1**.

6. In accordance with 28 U.S.C. § 1446(b), Defendants filed this removal action within 30 days of receipt of the Complaint. The removal is, therefore, timely.

7. The State Court is located within the United States District Court for the District of Idaho, Northern Division. *See* 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8. In compliance with 28 U.S.C. §1446(d), Defendants will serve on Plaintiff and file with the Clerk of the State Court a written notice of the filing of this Notice of Removal, with a copy of this Notice of Removal attached.

9. No previous application has been made for the relief requested herein.

10. Attached hereto as **Exhibit 2** is the State Court docket.

**WHEREFORE**, Defendants respectfully remove this action from the Boundary County District Court to this Court pursuant to 28 U.S.C. §§ 1331 and 1446.

DATED THIS 10th day of March, 2026.

                Varin Thomas LLC

                By: */s/ J. Will Varin*
                      J. Will Varin
                      Attorneys Defendants
                      Resurgent Capital Services LP
                      and LVNV Funding LLC

## **CERTIFICATE OF SERVICE**

I certify that on March 10, 2026, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

By: */s/ J. Will Varin*
    J. Will Varin
    Attorneys Defendants
    Resurgent Capital Services LP
    and LVNV Funding LLC