Electronically Filed
2/12/2026 12:20 PM
First Judicial District, Boundary County
Glenda Poston, Clerk of the Court
By: Teri Navarro, Deputy Clerk

Michael Fioravanti
187 Ruby Creek Road
Naples, Idaho 83847
(916) 622-4212
michaelfioravanti@gmail.com

Plaintiff, Pro Se

# IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BOUNDARY

| | |
|---|---|
| MICHAEL FIORAVANTI, <br><br> Plaintiff, <br><br> vs. <br><br> RESURGENT CAPITAL SERVICES L.P., <br><br> and <br><br> LVNV FUNDING LLC, <br><br> Defendants. | Case No.: CV11-26-0058 <br><br> VERIFIED COMPLAINT FOR DAMAGES <br><br> Fee Cat. AA/Amount: $221.00 |

## VERIFIED COMPLAINT FOR DAMAGES

Plaintiff MICHAEL FIORAVANTI, pro se, hereby files this Verified Complaint for Damages against Defendants RESURGENT CAPITAL SERVICES L.P. and LVNV FUNDING LLC, and alleges as follows:

VERIFIED COMPLAINT FOR DAMAGES                                   Page 1

Assigned To:
Jensen, Susie

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to Idaho Code § 1-705 because the amount in controversy exceeds $10,000. This Court has personal jurisdiction over both Defendants because each is engaged in the business of debt collection and each has directed unlawful collection efforts at Plaintiff within Idaho. Defendant RESURGENT CAPITAL SERVICES L.P. acts as servicer and collection agent on behalf of Defendant LVNV FUNDING LLC, the current owner of the account. Defendant LVNV FUNDING LLC, as principal owner of the account and employer of Defendant Resurgent, is directly subject to this Court's jurisdiction through its authorization and direction of all collection activities undertaken by Resurgent on its behalf.

2. Venue is proper in Boundary County because the alleged violations occurred when Defendants directed collection efforts—including text messages, emails, and voicemails—to Plaintiff at his residence in Naples, Idaho, County of Boundary. The acts complained of were committed by Defendant Resurgent in its capacity as servicer authorized by Defendant LVNV Funding LLC. Both Defendants, either jointly or severally through their servicer, directed these collection communications into Idaho with knowledge they would reach Plaintiff in Boundary County.

## II. PARTIES

3. Plaintiff MICHAEL FIORAVANTI is an individual residing at 187 Ruby Creek Road, Naples, Idaho 83847. Plaintiff can be reached at (916) 622-4212 or michaelfioravanti@gmail.com.

4. Defendant RESURGENT CAPITAL SERVICES L.P. is a debt collection agency organized and existing under the laws of Delaware, with a principal place of business in the United States. At all times material hereto, Defendant Resurgent Capital Services L.P. engaged in the business of collecting debts and is a "debt collector" as

VERIFIED COMPLAINT FOR DAMAGES                                    Page 2

defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6). Resurgent does not independently own the account at issue; rather, Resurgent acts solely as servicer and collection agent on behalf of Defendant LVNV FUNDING LLC, the actual owner. Resurgent's own communications to Plaintiff explicitly confirmed this servicing-only status, stating: "Your account ending in 5540 was purchased by LVNV Funding LLC on 11/19/2025. LVNV Funding LLC outsources the management of its portfolio of accounts to our company, Resurgent Capital Services" (November 22, 2025). As servicer, Resurgent possesses only such authority and scope as LVNV Funding LLC expressly grants in their servicing agreement, and Resurgent acts as agent of and under direction from LVNV Funding LLC.

5. Defendant LVNV FUNDING LLC is a debt buyer and principal creditor organized and existing under the laws of a United States jurisdiction, with a principal place of business in the United States. At all times material hereto, Defendant LVNV Funding LLC engaged in the business of collecting debts and is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6). LVNV Funding LLC purchased the account from Credit One Bank, N.A. on November 19, 2025 (confirmed in Resurgent's November 24, 2025 communication to Plaintiff), and thereby became the principal owner and current debt owner. LVNV Funding LLC then hired Defendant Resurgent Capital Services L.P. as its servicer, authorizing Resurgent to undertake collection activities on LVNV's behalf. As principal owner, LVNV Funding LLC is responsible for all collection activities undertaken by its servicer Resurgent in the course of servicing LVNV's account portfolio. LVNV Funding LLC either knew or should have known of Resurgent's violations as alleged herein, particularly the post-validation-demand collection contacts occurring within hours of Plaintiff's formal December 5, 2025 validation demand being received (December 11, 2025), as LVNV held ultimate authority over collection policies and Resurgent acted as LVNV's agent. LVNV Funding LLC is vicariously liable for Resurgent's violations and directly liable for its own validation failures and ratification of Resurgent's unlawful conduct.

### III. FACTUAL BACKGROUND

6. The underlying debt arises from an account with Credit One Bank, N.A., Account #5540, with a claimed outstanding balance of $1,438.82. Plaintiff disputes the validity, accuracy, and collectability of this alleged debt.

7. Credit One Bank initially assigned or sold the debt to Defendant LVNV Funding LLC. Defendant LVNV Funding LLC subsequently assigned the collection of this alleged debt to Defendant Resurgent Capital Services L.P.

**Credit One Bank's Failure to Validate and Debt Sale**

8. On October 28, 2025, Plaintiff sent a comprehensive debt validation and securitization verification demand to Credit One Bank, N.A., via certified mail 9589071052700414926337, demanding complete documentation of Plaintiff's liability, chain of title, and securitization status, as required by 15 U.S.C. § 1692g(b).

9. Credit One Bank's Legal Department, along with its CEO Robert DeJong and CFO Paul Thome, received the validation demand via certified mail. Despite their legal obligation under 15 U.S.C. § 1692g(b), Credit One Bank provided only a deficient response on approximately November 3, 2025, consisting of generic account information without proof of Plaintiff's obligation, chain of title documentation, or securitization disclosure.

10. On November 3, 2025, Credit One Bank removed its tradeline for Account #5540 from all credit reporting agencies. This removal constitutes an admission by Credit One Bank that the account had been charged off and sold, and that Credit One Bank no longer owned the debt.

11. Despite receiving Plaintiff's validation demand and its legal obligation under 15 U.S.C. § 1692g(b)(2), Credit One Bank failed to provide valid verification of the debt. Credit One Bank's subsequent removal of the tradeline from all credit reporting

agencies demonstrates its inability or unwillingness to verify the debt's accuracy or Plaintiff's liability.

12. Because Credit One Bank—the original creditor—failed to validate the debt when legally required to do so, any subsequent owner or assignee of the debt (including Defendants LVNV Funding LLC and Resurgent Capital Services L.P.) inherited that validation defect. Defendants are now attempting to collect a debt that was never properly validated by its original creditor.

**Securitization and Ownership Chain**

13. Credit One Bank, N.A. is a private financial institution that originates and issues subprime credit card receivables. Subprime credit card receivables are routinely and systematically transferred into asset-backed securitization trusts and special purpose vehicles (SPVs) by originating creditors. The timing and circumstances of the credit assignment in Plaintiff's account—where Credit One Bank removed its tradeline and transferred the account immediately upon charge-off—are consistent with standard securitization practices for subprime credit card portfolios.

14. In securitization transactions, the legal ownership of receivables is transferred from the originating creditor to a securitization trust or special purpose vehicle, not to intermediate debt buyers or collection agencies. Debt buyers such as LVNV Funding LLC typically acquire collection rights but not legal ownership of securitized receivables.

15. Defendant LVNV Funding LLC's claimed status as the "current owner" of the debt (as represented in collection communications) is contradicted by Credit One Bank's removal of its tradeline and transfer of the account. Credit One Bank's actions indicate that the account was transferred out of Credit One Bank's portfolio—either to a securitization trust or to another entity—and not directly to LVNV Funding LLC as the owner.

16. Defendant Resurgent Capital Services L.P. has referred to itself as a "servicer" handling the account. However, Defendants have failed to disclose the complete chain of title from Credit One Bank through any securitization transfer to LVNV Funding LLC and/or to Resurgent Capital Services L.P., or whether they are actually collecting on behalf of a securitization trust holding the underlying receivable rather than on behalf of LVNV Funding LLC.

17. Defendants' failure to provide complete chain-of-title documentation—including proof of any securitization transfer, proof of LVNV Funding LLC's actual ownership, or disclosure of the trust or entity that actually holds the receivable—in response to Plaintiff's validation demands establishes that Defendants cannot prove their legal right to collect this debt or their standing to bring or prosecute any collection action.

18. On November 22, 2025, Defendant Resurgent Capital Services L.P. made initial contact with Plaintiff via email regarding the alleged debt.

19. Plaintiff's telephone number, ending in 4212, has been registered with the National Do Not Call Registry since May 4, 2005, more than 20 years prior to the conduct alleged in this Complaint. Plaintiff has continuously maintained this registration throughout the relevant time period.

## IV. TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS

20. Despite Plaintiff's registration on the National Do Not Call Registry, Defendants sent the following text messages to Plaintiff's cellular telephone: November 24, 2025 at 4:28 PM; November 27, 2025 at 1:33 PM; November 29, 2025 at 4:21 PM; December 2, 2025 at 6:34 PM; December 5, 2025 at 5:59 PM; December 9, 2025 at 2:37 PM; and December 11, 2025 at 6:02 PM.

21. Each text message constitutes a separate violation of 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits the use of automatic telephone dialing systems or artificial or prerecorded voices to send text messages to cellular telephones for purposes of debt collection when the recipient's number is registered on the National Do Not Call Registry.

22. The TCPA violation is one of strict liability. Defendants' knowledge, intent, or lack thereof is irrelevant. Plaintiff suffered injury in fact and lost money or property as a result of each violation—namely, the unwanted text messages to his registered Do Not Call number, interference with the use of his cellular telephone, and violation of his statutory right to privacy and protection from telemarketing solicitation.

23. Plaintiff is entitled to recover statutory damages under 47 U.S.C. § 227(b)(3) for willful violations—specifically, $500 to $1,500 per violation for each of the seven (7) text message violations—plus reasonable attorney fees and costs incurred in bringing this action.

## V. FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

24. On December 5, 2025, Plaintiff sent a written validation demand to Defendants via certified mail tracking number 9589071052702655671274, return receipt requested 9590940296345199898577, demanding verification of the alleged debt and cessation of collection efforts pending such verification, in compliance with 15 U.S.C. § 1692g(b).

25. Defendants received Plaintiff's validation demand on December 11, 2025 at 6:31 AM, as evidenced by the certified mail receipt signed by Defendants' agent. Upon receipt, Defendants were legally obligated to cease all collection activities and provide proper verification of the alleged debt within 30 days, as required by 15 U.S.C. § 1692g(b)(2).

26. Notwithstanding their legal obligation to cease collection efforts upon receipt of the validation demand, Defendants continued to contact Plaintiff with intent to collect the alleged debt on: December 11, 2025 at 9:32 AM (email); December 11, 2025 at 11:39 AM (voicemail); December 11, 2025 at 6:02 PM (text message); December 15, 2025 at 9:59 AM (email); and January 4, 2026 at 11:17 AM (email containing settlement offer).

27. Each contact listed in paragraph 26 constitutes a separate violation of 15 U.S.C. § 1692g(b), which prohibits any debt collector from engaging in any collection activity following receipt of a written request for verification of the alleged debt, except as specifically permitted by the statute.

28. The December 11, 2025 at 6:02 PM text message constitutes both a TCPA violation and an FDCPA violation, demonstrating Defendants' knowing and willful disregard for Plaintiff's statutory rights.

29. Defendants' violations of 15 U.S.C. § 1692g(b) were willful. Plaintiff provided written notice via certified mail, and Defendants received that notice with actual knowledge. Defendants thereafter continued collection activities with knowledge that such activities violated federal law. There is no reasonable basis for Defendants to believe their conduct was lawful.

30. On December 17, 2025, Defendants provided a purported validation response consisting of a generic account summary. This response failed to provide the verification required by 15 U.S.C. § 1692g(b)(2). Specifically, Defendants' response did not include: (a) verification of the debt's validity; (b) proof of Defendants' right to collect; (c) evidence of the chain of title from Credit One Bank to LVNV Funding LLC to Resurgent Capital Services L.P.; (d) a copy of the original account agreement; or (e) a detailed accounting of the claimed balance.

**Pre-Litigation Settlement Demand and Continued Non-Response**

31. On December 29, 2025 at 9:19 AM, Plaintiff sent a pre-litigation settlement demand letter to Defendants' registered agents via certified mail. The settlement demand provided Defendants with a 30-day period (ending February 4, 2026) to respond with a settlement offer or to prepare for litigation. Resurgent Capital Services L.P. was served via certified mail tracking number 9589071052702655670734. LVNV Funding LLC was served via certified mail tracking number 9589071052702655670727.

32. As of February 12, 2026, Defendants have not responded to the settlement demand in any manner. This complete non-response to a formal settlement demand demonstrates Defendants' bad faith, their knowing disregard for Plaintiff's documented claims and legal rights, and their willingness to force litigation rather than address Plaintiff's legitimate and well-supported concerns. Defendants' failure to respond provides additional evidence that Defendants acted willfully and knowingly in violation of federal consumer protection statutes.

33. Plaintiff is entitled to recover statutory damages under 15 U.S.C. § 1692k(a)(2)(A) for willful violations—not less than $1,000 per willful violation for each of the five (5) willful violations identified in paragraph 26—plus reasonable attorney fees and costs incurred in bringing this action.

## VI. FAIR CREDIT REPORTING ACT VIOLATIONS

34. Defendants furnished or reported information regarding the alleged debt to one or more consumer reporting agencies without adequate investigation or verification, in violation of 15 U.S.C. § 1681e(b).

35. Plaintiff disputed the accuracy and validity of the reported account. Defendants failed to conduct a reasonable investigation within 30 days of receiving notice of the dispute, in violation of 15 U.S.C. § 1681i(a)(1).

36. Defendants' violations of the Fair Credit Reporting Act were willful. Defendants knew or recklessly disregarded whether the information they furnished was accurate. Defendants continued to report and furnish inaccurate information regarding the disputed account despite notice of the dispute and without proper investigation.

37. As a direct result of Defendants' willful violations of the Fair Credit Reporting Act, Plaintiff suffered injury to his credit rating, credit score, and credit reputation. Plaintiff was denied credit, paid higher interest rates on credit products, and suffered emotional distress.

38. Plaintiff is entitled to recover statutory damages within the statutory range permitted by law for willful violations of 15 U.S.C. § 1681n, as well as actual damages to his credit, credit score, credit reputation, and emotional distress, plus reasonable attorney fees and costs incurred in bringing this action.

## VII. IDAHO CONSUMER PROTECTION ACT VIOLATIONS

39. Defendants engaged in unfair, unconscionable, and deceptive methods, acts, and practices in the collection of the alleged debt in violation of Idaho Code § 48-603(1), including but not limited to: (a) continuing collection efforts after receipt of a written validation demand, in knowing violation of federal law; (b) furnishing inaccurate information to credit reporting agencies without proper investigation or verification; (c) misrepresenting the validity, amount, and collectability of the alleged debt; (d) providing a deficient validation response that failed to establish a proper chain of title or right to collect; (e) sending unwanted text messages to a number registered on the National Do Not Call Registry; and (f) failing to respond to a formal settlement demand despite notice of documented collection law violations.

40. Defendants' conduct was willful and knowing. Defendants knew or should have known that their conduct violated federal law and the rights of Idaho consumers.

Defendants proceeded with collection efforts despite clear legal notice that their conduct was unlawful.

41. Plaintiff is entitled to recover damages and penalties under Idaho Code § 48-608 et seq. for Defendants' unfair and deceptive practices. Specifically, pursuant to Idaho Code § 48-608(1), Plaintiff may recover actual damages or one thousand dollars ($1,000), whichever is greater. The court may, in its discretion, award punitive damages for repeated or flagrant violations.

## VIII. DAMAGES AND DOCUMENTED EXPENSES

42. Plaintiff has suffered actual damages as a direct result of Defendants' violations, as itemized below.

43. Special Damages (Documented, Actual Damages):

    (a) Lost wages due to time spent addressing Defendants' collection efforts and documenting violations: $751.00

    (b) Certified mail, return receipt, and documentation costs: $77.00

    (c) Subscription costs for legal defense and document preparation resources (KillDebt): $747.00

    (d) Additional documented litigation costs and expenses: To be provided as this action proceeds

TOTAL DOCUMENTED SPECIAL DAMAGES: $1,575.00 (plus additional documented expenses to be claimed as incurred)

44. Statutory Damages Ranges for Information:

(a) *Telephone Consumer Protection Act* (47 U.S.C. § 227(b)(3)): $500 to $1,500 per violation. Plaintiff has seven (7) separate TCPA violations, representing potential statutory damages in the range of $3,500 to $10,500.

(b) *Fair Debt Collection Practices Act* (15 U.S.C. § 1692k(a)(2)(A)): Not less than $1,000 per willful violation. Plaintiff has five (5) separate willful violations, representing potential statutory damages of not less than $5,000.

(c) *Fair Credit Reporting Act* (15 U.S.C. § 1681n): Statutory damages for willful violations within the range permitted by law, as determined by the Court, plus actual damages and attorney fees.

(d) *Idaho Consumer Protection Act* (Idaho Code § 48-608(1)): Actual damages or $1,000, whichever is greater. Plaintiff's documented actual damages ($1,575) exceed the statutory minimum, and the Court may award punitive damages in its discretion for repeated or flagrant violations.

45. Plaintiff is entitled to recover reasonable attorney fees and costs incurred in prosecuting this action, as specifically authorized by 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(a)(3), 15 U.S.C. § 1681n, and Idaho Code § 48-608(5).

## IX. DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues and claims raised in this Complaint, pursuant to Idaho Rules of Civil Procedure Rule 38(b).

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Enter judgment against Defendants, jointly and severally, for special damages (documented actual damages) in the amount of $1,575.00, plus any additional documented litigation expenses incurred by Plaintiff through the date of judgment;

2. Enter judgment for statutory damages under the Telephone Consumer Protection Act (47 U.S.C. § 227(b)(3)) within the range permitted by law for each of the seven (7) text message violations;

3. Enter judgment for statutory damages under the Fair Debt Collection Practices Act (15 U.S.C. § 1692k(a)(2)(A)) within the range permitted by law for each of the five (5) willful violations;

4. Enter judgment for statutory damages and actual damages under the Fair Credit Reporting Act (15 U.S.C. § 1681n) within the statutory range permitted by law for willful violations;

5. Enter judgment for statutory damages under the Idaho Consumer Protection Act (Idaho Code § 48-608(1)) within the statutory range permitted by law, plus discretionary punitive damages for repeated and flagrant violations;

6. Award Plaintiff all reasonable attorney fees and costs incurred in prosecuting this action, as authorized by 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(a)(3), 15 U.S.C. § 1681n, and Idaho Code § 48-608(5);

7. Order Defendants to immediately cease all collection activities regarding the alleged debt and to obtain no judgment or lien against Plaintiff;

8. Order Defendants and all credit reporting agencies to immediately remove all negative marks, account references, and payment history related to the alleged debt from Plaintiff's credit reports and credit files, and to provide written confirmation of such removal to Plaintiff within ten (10) days of entry of judgment;

9. Enter judgment that Defendants lack standing to collect the alleged debt due to failure to establish a valid chain of title from Credit One Bank, N.A. through any securitization transfer to LVNV Funding LLC and/or Resurgent Capital Services L.P., and that the debt is uncollectible;

10. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_/s/ MF_____

MICHAEL FIORAVANTI, Pro Se
187 Ruby Creek Road
Naples, Idaho 83847
(916) 622-4212
michaelfioravanti@gmail.com

Dated: February 12, 2026

## VERIFICATION

I, MICHAEL FIORAVANTI, declare under penalty of perjury under the laws of the State of Idaho that I have read the foregoing VERIFIED COMPLAINT FOR DAMAGES and know the contents thereof. I am competent to make this declaration. Except for matters stated on information and belief (which I believe to be true), the matters stated in the Complaint are true and correct of my own knowledge. I declare that this declaration is made under penalty of perjury and is true and correct.

*[signature]*

MICHAEL FIORAVANTI, Pro Se

Dated: February 12, 2026