242 N. 8th Street, Suite 220
P.O. Box 1676
Boise, Idaho 83701
Phone (208) 922-7060
Fax 1-866-717-1758
willvarin@varinthomas.com

Attorneys for Defendants
Resurgent Capital Services LP
and LVNV Funding LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL FIORAVANTI, | CASE NO.: 2:26-cv-00132 |
| Plaintiff, | |
| vs. | **RESURGENT CAPITAL SERVICES, LP'S ANSWER TO COMPLAINT** |
| RESURGENT CAPITAL SERVICES LP and LVNV FUNDING LLC, | |
| Defendants. | |

Defendant Resurgent Capital Services, LP ("Defendant"), for itself and no other party, by and through its undersigned counsel, hereby states its answer and affirmative defenses to the Verified Complaint for Damages ("Complaint") of Plaintiff Michael Fioravanti ("Plaintiff") as set forth below:

1.      Defendant denies all allegations of Plaintiff's Complaint not specifically admitted herein.

**RESURGENT CAPITAL SERVICES, LP'S**
**ANSWER TO COMPLAINT** – 1 –

<u>**JURISDICTION AND VENUE**</u>[1]

2.      Answering Paragraph 1, the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits only that jurisdiction is proper in federal court based on federal question. Except as expressly admitted, the allegations of this Paragraph are denied.

3.      Answering Paragraph 2, the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

<u>**PARTIES**</u>

4.      Answering Paragraph 3, Defendant admits only that Plaintiff is a natural person.  Except as expressly admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

5.      Answering Paragraph 4, Defendant admits only that it is the master servicer of accounts owned by LVNV Funding LLC, including the debt at issue. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

6.      Answering Paragraph 5, Defendant admits only that LVNV Funding LLC is a passive debt holder with offices in the United States.  Defendant denies any implication of wrongdoing alleged.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

---

[1] The Complaint's headings are repeated herein for organizational purposes only, but should be considered denied.

**RESURGENT CAPITAL SERVICES, LP'S**
**ANSWER TO COMPLAINT** – 2 –

### FACTUAL BACKGROUND

7. Answering Paragraph 6, Defendant admits that the debt arises from a Credit One Bank account ending in -5540 with an unpaid balance of $1,438.82. Except as expressly admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

8. Answering Paragraph 7, Defendant admits that it serviced the debt that was acquired by LVNV Funding LLC. Except as expressly admitted, the allegations of this Paragraph are denied.

### CREDIT ONE BANK'S FAILURE TO VALIDATE AND DEBT SALE

9. Answering Paragraph 8, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

10. Answering Paragraph 9, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

11. Answering Paragraph 10, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

12. Answering Paragraph 11, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

13. Answering Paragraph 12, Defendant denies the allegations.

### SECURITIZATION AND OWNERSHIP CHAIN

14. Answering Paragraph 13, Defendant is without sufficient knowledge

**RESURGENT CAPITAL SERVICES, LP'S**
**ANSWER TO COMPLAINT** – 3 –

or information to form a belief as to the truth of the allegations, and on that basis, denies them.

15.     Answering Paragraph 14, Defendant expressly denies that LVNV Funding LLC is not the legal owner of Plaintiff's account.  As to the remaining allegations in this Paragraph, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

16.     Answering Paragraph 15, Defendant denies the allegations.

17.     Answering Paragraph 16, Defendant admits only that it services the account on behalf of LVNV Funding LLC.  Except as expressly admitted, Defendant denies the allegations.

18.     Answering Paragraph 17, Defendant denies the allegations.

19.     Answering Paragraph 18, Defendant contacted Plaintiff regarding the debt.

20.     Answering Paragraph 19, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

### TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS

21.     Answering Paragraph 20, Defendant contacted Plaintiff regarding the debt.  Defendant denies any express or implied allegation of wrongdoing and further states that the Do Not Call Registry does not apply to communications related to collection of a debt.

22.     Answering Paragraph 21, Defendant denies the allegations.

23.     Answering Paragraph 22, Defendant denies the allegations.

24.     Answering Paragraph 23, Defendant denies the allegations.

**RESURGENT CAPITAL SERVICES, LP'S**
**ANSWER TO COMPLAINT** – 4 –

<u>**FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS**</u>

25.     Answering Paragraph 24, Defendant received communications from Plaintiff regarding the debt.  Except as expressly admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

26.     Answering Paragraph 25, Defendant received communications from Plaintiff regarding the debt.  Defendant further states that the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant denies any express or implied allegation of wrongdoing.

27.     Answering Paragraph 26, Defendant contacted Plaintiff regarding the debt.  Except as expressly admitted, the allegations of this Paragraph are denied.

28.     Answering Paragraph 27, Defendant denies the allegations.

29.     Answering Paragraph 28, Defendant denies the allegations.

30.     Answering Paragraph 29, Defendant denies the allegations.

31.     Answering Paragraph 30, Defendant sent Plaintiff a debt validation letter with enclosures.  Except as expressly admitted, the allegations of this Paragraph are denied.  Defendant further states that the referenced letter speaks for itself.

32.     Answering Paragraph 31, Defendant admits only that on or about January 5, 2026, Defendant received service of a settlement demand letter from Plaintiff.  Defendant further states that the referenced letter speaks for itself.

33.     Answering Paragraph 32, Defendant admits only that it did not respond to the settlement demand.  Except as expressly admitted, the allegations of this Paragraph are denied.  Defendant further denies any express or implied allegation of wrongdoing.

34.     Answering Paragraph 33, Defendant denies the allegations.

### FAIR CREDIT REPORTING ACT VIOLATIONS

35. Answering Paragraph 34, Defendant denies the allegations.

36. Answering Paragraph 35, Defendant received a dispute regarding the account. Defendant denies the remaining allegations of this Paragraph.

37. Answering Paragraph 36, Defendant denies the allegations.

38. Answering Paragraph 37, Defendant denies the allegations.

39. Answering Paragraph 38, Defendant denies the allegations.

### IDAHO CONSUMER PROTECTION ACT VIOLATIONS

40. Answering Paragraph 39, Defendant denies the allegations.

41. Answering Paragraph 40, Defendant denies the allegations.

42. Answering Paragraph 41, Defendant denies the allegations.

### DAMAGES AND DOCUMENTED EXPENSES

43. Answering Paragraph 42, Defendant denies the allegations.

44. Answering Paragraph 43, and each of its subparts, Defendant denies the allegations.

45. Answering Paragraph 44, and each of its subparts, Defendant denies the allegations.

46. Answering Paragraph 45, Defendant denies the allegations.

### DEMAND FOR JURY TRIAL

47. Answering the unnumbered Damand for Jury Trial, Defendant admits only that Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

48. Answering the unnumbered Prayer for Relief, and each of its subparts, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

**RESURGENT CAPITAL SERVICES, LP'S
ANSWER TO COMPLAINT** – 6 –

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's claims may be subject to contractual arbitration.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

6.      Defendant's conduct was privileged or justified.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims may be barred, in whole or in part, because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented to avoid any such acts or omissions.  Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

## TENTH AFFIRMATIVE DEFENSE

10. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

11. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

12. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims may be barred because Defendant did not know and could not have known in the exercise of due care that it engaged in any allegedly prohibited conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims may be barred because Plaintiff has no ascertainable loss.

Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by way of the Complaint;

2. For costs of suit herein;

3. For attorney's fees to the extent available by law or contract; and

4. For such other and further relief as this Court may deem just and proper.

DATED THIS 17th day of March, 2026.

Varin Thomas LLC

By: */s/ J. Will Varin*
J. Will Varin
Attorney for  Defendants
Resurgent Capital Services LP
and LVNV Funding LLC

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on March 17, 2026, a copy of the foregoing was filed and served electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system and parties may access this filing through the Court's system.

I further certified a copy of the foregoing was mailed via First Class United States Mail, postage prepaid to:

Michael John Fioravanti, Pro Se
187 Ruby Creek Road
Naples, Idaho 83847

By: */s/ J. Will Varin*
    J. Will Varin
    Attorney for  Defendants
    Resurgent Capital Services LP
    and LVNV Funding LLC